UNITED STATES of America,

v.

Donald SILAS, Appellant.

No. 01–3272.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) Nov. 20, 2003.

Decided Dec. 4, 2003.

George S. Leone, Office of United States Attorney, Newark, NJ, Glenn J. Moramarco, Office of United States Attorney, Camden, NJ, for Appellee.

Cassandra T. Savoy, Montclair, NJ, for Appellant.

Before RENDELL, BARRY and MAGILL,* Circuit Judges.

OPINION OF THE COURT

RENDELL, Circuit Judge.

At the conclusion of a jury trial in the United States District Court for the District of New Jersey, Donald Silas was convicted of two counts of witness tampering in violation of 18 U.S.C. §§ 1512(b)(1) and (3). Silas was sentenced to 21 months on each count, to run concurrently, followed by 2 years of supervised release, and fined $5,000. On appeal, Silas challenges his convictions, arguing that as a matter of law there was insufficient evidence to support the jury's verdict, and, therefore, his Rule 29 motion for judgment of acquittal should have been granted. The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We will affirm.

As we write solely for the parties, we will recite only those facts relevant to the issue before us. Silas was a member of the Board of Education in Irvington, New Jersey, in the early 1990s. He was suspected of accepting bribes from a construction manager who obtained a contract to perform a project for the Board, and who subsequently abandoned the project, caus-

* Honorable Frank J. Magill, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

ing it to collapse, leading to a federal investigation into the circumstances surrounding the contract. The charges against Silas arose from conversations he had with David Fuller, another Board member, in which the two men discussed the investigation related to the suspected bribes. Unbeknownst to Silas, Fuller had agreed to cooperate with the FBI and his conversations with Silas were recorded.

Silas and Fuller had two relevant conversations, each of which formed the basis for one count of witness tampering. The first discussion took place at a diner on August 18, 1999, after Fuller asked Silas to meet him for lunch to discuss a call Fuller claimed to have received from the FBI. According to the evidence adduced at trial, in that conversation Silas and Fuller talked about how they should handle impending interviews with the FBI regarding their roles in the construction scandal. A transcript of the recorded portions of the conversation reveals that Silas urged Fuller to avoid incriminating himself and to get a lawyer. On several occasions Silas went further and told Fuller how he should respond to questions that they anticipated would be asked by the FBI, encouraging Fuller to lie about his involvement in the project. Specifically, Silas indicated that Fuller should deny having accepted money in connection with the contract being investigated. Both men subsequently received subpoenas instructing them to appear before a grand jury to provide testimony related to the construction scandal.

The second exchange took place over the telephone on August 24, 1999, when Fuller called Silas to discuss the matter further prior to appearing before the grand jury. The evidence revealed that in the second conversation, Silas indicated that he planned to deny ever having accepted money from the construction manager. He also told Fuller that Fuller "didn't do anything" wrong. The District Court found that Silas had "corruptly persuaded" Fuller to lie to the FBI during the first conversation, and that the facts supported the jury's decision to convict on the first count of witness tampering. On the second count, the District Court found that the phone conversation served to reinforce the "corrupt persuasion" initiated in the first discussion, and that the facts supported Silas's conviction on that count as well. We exercise plenary review over the District Court's denial of a Rule 29 motion. *United States v. Smith*, 294 F.3d 473, 477 (3d Cir.2002).

The United States Code describes the crime of witness tampering as follows:

> Whoever knowingly uses intimidation or physical force, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person with intent to—(1) influence, delay, or prevent the testimony of any person in an official proceeding; ... or (3) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense ... shall be fined under this title or imprisoned not more than ten years, or both.

18 U.S.C. § 1512(b) (2001).[1] Silas contends that the conduct alleged by the Government, even if it occurred, does not, as a matter of law, constitute behavior that is illegal under the witness tampering statute. He asserts that he simply advised Fuller of his right to have an attorney and to avoid incriminating himself, which would be permissible advice and would not render him guilty of witness tampering. He argues that such non-coercive behavior,

---

1. We note that the language of the witness tampering statute was recently amended, but we include the language as it appeared when Silas was charged and convicted.

without further pressure to lie, does not violate the statute. The District Court, however, disagreed with Silas's characterization of his role as reflected in the conversations. We do as well.

Given the nature of Silas's conduct, which did not involve the use of threats or physical force, the relevant inquiry here for the jury was whether Silas "knowingly" engaged in "corrupt persuasion" during his conversation with Fuller. As to Silas's knowledge, we have little trouble concluding that the jury could find that in coaching Fuller to lie to the FBI and to the grand jury, Silas knew "that his conduct [would have] the natural and probable effect of interfering with [Fuller's] communication." *United States v. Davis*, 183 F.3d 231, 248 (3d Cir.1999). The only question left, and the question on which Silas focuses the bulk of his argument, is whether Silas's actions constitute "corrupt persuasion" within the meaning of the criminal witness tampering statute. Viewing the evidence in the light most favorable to the Government, we conclude that the jury could find that Silas did attempt to corruptly persuade Fuller.

We have interpreted the somewhat ambiguous term "corrupt persuasion" to include "attempting to *bribe* someone to *withhold* information and attempting to *persuade* someone to provide *false* information to federal investigators." *United*

*States v. Farrell*, 126 F.3d 484, 488 (3d Cir.1997); *see Davis*, 183 F.3d at 249 (discussing *Farrell*). On the other hand, we have noted that a "noncoercive attempt to persuade a coconspirator who had a Fifth Amendment right not to disclose information about the conspiracy to refrain, in accordance with that right, from volunteering information to investigators" does not rise to the level of corrupt persuasion. *Davis*, 183 F.3d at 249.

Keeping these examples in mind, we are bound to conclude that Silas's actions could constitute corrupt persuasion. While his advice to Fuller regarding his right to an attorney and to avoid incriminating himself alone would not make him guilty of witness tampering, those comments were accompanied by explicit statements urging Fuller to lie to both the FBI and to the grand jury.[2] Our interpretation of the witness tampering statute in *Farrell* indicates that the statute criminalizes precisely this kind of behavior, that is, "attempting to persuade someone to provide false information" to law enforcement officers or to a grand jury. *Farrell*, 126 F.3d at 488.

Accordingly, we will AFFIRM the District Court's ruling and its order of judgment and conviction in this case.

---

**2.** While we recognize that Silas's second conversation with Fuller was significantly more subtle, in that Silas avoided blatant attempts to coach Fuller on how to respond before the grand jury, the District Court properly concluded that the first conversation, which was replete with instances of "corrupt persua-

sion," infected the second. Thus, viewing the conversations together, the jury could have properly convicted Silas on both counts of witness tampering.